# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION
## CIVIL ACTION NO.: 3:25-cv-628-DJH

*Electronically Filed*

| | | |
|---|---|---|
| DORRIS H. KELLEY and | ) | PLAINTIFFS |
| DARRELYN J. KELLEY | ) | |
| | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| | ) | |
| NOAH COOK | ) | |
| MISER LOGISTICS, LLC | ) | |

SUPER EGO HOLDING, LLC
        SERVE:
        Vladimir Tripkovic
        677 North Larch Avenue
        Elmhust, Illinois 60126

EGO EXPRESS, INC.
        SERVE:
        Aleksander Mimic
        224 North Arlington Heights Road
        Suite 105
        Elk Grove Village, Illinois 60007

GRAY FALCON UNITED LLC
        SERVE:
        Aleksander Mimic
        1431 Opus Place
        Suite 110
        Downers Grove, Illinois 60525

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

        SERVE:
        Corporation Service Company
        421 West Main Street
        Frankfort, Kentucky 40601

C.H. ROBINSON WORLDWIDE, INC.
 SERVE:
 Corporation Service Company
 315 High Street
 Frankfort, Kentucky 40601

INTERNATIONAL MOTORS, LLC

 SERVE:
 Corporation Service Company
 315 High Street
 Frankfort, Kentucky 40601

DEFENDANTS

---

## FIRST AMENDED COMPLAINT

---

1. This action is brought on behalf of Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, for bodily injuries and other damages sustained in a motor vehicle collision that occurred on May 26, 2025, on Interstate 65 South in Hardin County, Kentucky.

### **PARTIES**

2. Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley, are, and at all times relevant to this action were, husband and wife and adult resident citizens of Kentucky, residing at 12949 State Route 270 West, Clay, Kentucky 42404.

3. Upon information and belief, Defendant, Noah Cook, is an adult resident of California, residing at 5657 Arlington Avenue, Riverside, California 92504. At all times relevant hereto, Mr. Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

4. Defendant Cook had contacts with the Commonwealth of Kentucky and derived revenue from the Commonwealth of Kentucky and was doing business in Kentucky by operating the subject 2023 International LT625 VIN 3HSDZAPRXPN219817 tractor-trailer in Kentucky at the time of the incident made the basis of this lawsuit within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

5. Defendant, Miser Logistics, LLC, is a limited liability company organized under the laws of the State of Ohio, with its principal place of business located at 655 Metro Place South, Suite 634, Dublin, Ohio 43017.

6. Defendant, Super Ego Holding, LLC, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 677 North Larch Avenue, Elmhurst, Illinois 60126.

7. Defendant, Ego Express, Inc., is a corporation organized under the laws of Illinois, with its principal of the State of Illinois, with its principal place of business located at 225 Arlington Heights Road, Suite 105, Elk Grove Village, Illinois 60007.

8. Defendant, Gray Falcon United, LLC, is a limited liability company organized under the laws of the State of Illinois, with its principal place of business located at 1431 Opus Place, Suite 110, Downers Grove, Illinois 60525.

9. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC had contacts with the Commonwealth of Kentucky and derived revenue from the Commonwealth of Kentucky and were doing business in Kentucky by operating their tractor-trailer in Kentucky at the time of the subject incident.

10. Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is engaged in the business of insurance in the Commonwealth of Kentucky. Defendant State Farm can be served through their registered agent, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

11. Defendant C.H. Robinson Worldwide, Inc., is a corporation organized under the laws of Delaware, with its principal place of business located at 14701 Charlson Road, Eden Prairie, Minnesota 55347. It is engaged in business in the Commonwealth of Kentucky. Defendant C.H. Robinson Worldwide, Inc. can be served through its registered agent, Corporation Service Company, 315 High Street, Frankfort, KY 40601.

12. Defendant C.H. Robinson Worldwide, Inc. ("C.H Robinson") is a third-party logistics company and arranged for the transportation of the shipment with knowledge that the shipment would travel through Kentucky. Defendant C.H. Robinson failed to properly vet Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Defendant Cook to ensure that they could competently or safely transport the shipment. It was foreseeable to Defendant C.H. Robinson that its failure to properly vet Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Defendant Cook posed a risk to the public traveling on Kentucky highways as these Defendants carried the shipment through Kentucky.

13. Defendant International Motors, LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 2701 Navistar Drive, Lisle, Illinois 60532. It is engaged in business in the Commonwealth of Kentucky. Defendant International Motors, LLC can be served through its registered agent, Corporation

4

Service Company, 315 High Street, Frankfort, KY 40601. Defendant International Motors, LLC was formerly known as Navistar, Inc.

14. Defendant International Motors, LLC ("International") is in the business of designing, testing, manufacturing, marketing, furnishing, distributing and selling commercial vehicles, including the subject 2023 International LT625 VIN 3HSDZAPRXPN219817 truck tractor vehicle involved in the incident made the basis of this lawsuit.

15. The motor vehicle collision that forms the basis of this action occurred on or about May 26, 2025, in Elizabethtown, Hardin County, Kentucky.

16. Venue and jurisdiction are proper in this Court.

17. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

**FACTS**

18. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

19. On or about May 26, 2025, at approximately 6:33 p.m., Plaintiff, Dorris H. Kelley, was operating a 2019 Honda Odyssey traveling southbound on Interstate 65 in Hardin County, Kentucky. Plaintiff, Darrelyn J. Kelley, was a passenger in the vehicle.

20. At that same time and place, a 2023 International LT625, VIN 3HSDZAPRXPN219817 commercial tractor-trailer operated by Defendant, Noah Cook, was traveling southbound on Interstate 65 in Hardin County, Kentucky.

21. At that same time and place, traffic in the southbound lanes of Interstate 65 had slowed or stopped due to the Hardin County Sheriff's Office conducting traffic control for a prior collision, with emergency lights activated and the right lane closed.

22. Plaintiff, Dorris H. Kelley, properly slowed his vehicle in response to the traffic control situation ahead.

23. Defendant, Noah Cook, failed to maintain a proper lookout and failed to slow his commercial vehicle in response to the clearly visible traffic control situation and slowed traffic ahead.

24. Defendant, Noah Cook, failed to slow his commercial vehicle and rear-ended Plaintiffs' vehicle with tremendous force.

25. At the time of this collision, and all times pertinent to this litigation, Defendant Noah Cook was acting within the course and scope of his employment and/or agency with Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC. The subject 2023 International LT625, VIN 3HSDZAPRXPN219817 commercial tractor-trailer was owned and operated by Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC and their employee Defendant Cook. The subject tractor-trailer had picked up a shipment from Columbus, Ohio, and was in route to deliver said shipment to Texas.

26. The subject 2023 International LT625, VIN 3HSDZAPRXPN219817 vehicle was ordered and purchased by Super Ego Holding, LLC ("Super Ego Holding"). Defendant Super Ego Holding, LLC is a chameleon carrier[1] owned and operated by Aleksander Mimic. Aleksander Mimic is a Serbian born entrepreneur. He, as well as his family and associates, operate a chameleon carrier network through Super Ego Holding, LLC and related entities, including, but not limited

---

[1] "Chameleon carriers" are trucking companies that go out of business due to safety concerns, loss of insurance, or anticipated fines only to start back up again under a different DOT but continue to use common ownership, equipment, offices, drivers and/or managers. Chameleon carriers do this to avoid the consequences of their unsafe practices.

to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC. Mr. Mimic, as well as his family and associates, have owned and operated numerous unsafe motor carriers over the years.

27. Defendants Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC are chameleon carriers.

28. Super Ego Holding is under federal investigation for its chameleon carrier scheme. It was also the subject of a 60 Minutes investigation and story.[2] It has been reported that it, and its network of commercial trucking and leasing companies, is "one of the most notorious chameleon schemes." (*Id*.)

29. Super Ego Holding and its related network of entities and carriers, including but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC, have thousands of safety violations, have a history of failing to follow local, state and federal regulations, altering records, and have been involved in numerous accidents.

30. Super Ego Holding and some of its related entities are also in a class-action lawsuit involving its drivers with allegations related to pay practices, fraud, and unsafe operating practices.

31. Prior to the occurrence made the basis of this lawsuit, Defendant C.H. Robinson worked with Super Ego Holding, LLC, and its related network of entities and carriers to transport freight. In fact, C.H. Robinson named Super Ego its Carrier of the Year for 2025 even though it knew or should have known about the unsafe practices and safety history of Super Ego Holding, LLC, and its related network of entities and carriers, including, but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC.

---

[2] 60 Minutes "Risk on the Road" https://www.youtube.com/watch?v=ylbvU-lmcpI

32.     Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC were alter egos of each other and/or in a joint venture together as they used the same employees and commingled assets.

33.     The subject International LT625 vehicle was designed, developed, manufactured, tested, marketed and distributed, and sold by Defendant International. At the time of the occurrence made the basis of this lawsuit, the subject International LT625 vehicle was in substantially the same condition as it was when designed, manufactured and sold by International. The subject International LT625 vehicle was not reasonably safe when being used in a foreseeable manner, but, to the contrary, was defective and unreasonably dangerous when being so used as it failed to contain a collision mitigation system, despite it marketed as being standard equipment on the subject model vehicle.

34.     The collision caused severe and permanent injuries to both Plaintiffs, Dorris H. Kelley and Darrelyn J. Kelley.

35.     Both Plaintiffs were transported to Baptist Health Hardin for treatment of their injuries.

36.     Plaintiff, Dorris H. Kelley, suffered severe, catastrophic, and permanent injuries, was subsequently airlifted to the University of Louisville Hospital, and is still receiving ongoing treatment for his injuries.

37.     Plaintiff, Darrelyn J. Kelley, suffered severe, catastrophic, and permanent injuries.

38.     As a result of the collision, and the direct and proximate consequence of the wrongful conduct of the defendants, both Plaintiffs have suffered serious, permanent, and catastrophic injuries requiring ongoing medical treatment and care.

**COUNT I**

**COMMON LAW NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANTS NOAH COOK, MISER LOGISTICS, LLC, SUPER EGO HOLDING, LLC, EGO EXPRESS, INC. AND GRAY FALCON UNITED, LLC**

39. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

40. At all times relevant hereto, Defendant, Noah Cook, was operating a commercial vehicle within the line and scope of his employment with and/or for the benefit of Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC.

41. The actions of Defendant, Noah Cook, caused significant injuries to the Plaintiffs as described herein.

42. Defendant, Noah Cook, was acting as an agent, servant, or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC and was acting within the line and scope of his employment or agency at all times material hereto.

43. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., Gray Falcon United, LLC they share employees and comingle assets. As such, these Defendants were in a joint venture; were alter egos of each other; and/or were agents of each other so that each is liable of for the actions of the other.

44. Plaintiffs aver that Defendant, Noah Cook, acting as agent or servant or employee of Defendant Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the vehicle he was operating to collide with Plaintiffs' vehicle. Plaintiffs further aver that

Defendant Miser Logistics LLC, Super Ego Holding, LLC, Ego Express, Inc. and Gray Falcon United, LLC are vicariously liable for the acts of Defendant, Noah Cook.

45. Plaintiffs aver that Defendant, Noah Cook, negligently and recklessly, consciously disregarded the rights and safety of others in the operation of his commercial vehicle causing the collision at issue.

46. Plaintiffs aver that defendant Miser Logistics, LLC Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC were negligent in their hiring, training, supervision, dispatch, leasing of equipment to, and retention of Noah Cook with respect to the operation of commercial vehicles on the public roadways.

47. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

       a. Bodily injuries requiring medical treatment;

       b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

       c. Permanent scarring and disfigurement;

       d. Past and future medical and pharmaceutical bills and other expenses;

       e. Lost wages and diminished earning capacity; and

       f. Property damage.

48. As a direct and proximate result of the conduct of Defendants, Noah Cook, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and Gray Falcon United, LLC, Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

       a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

## COUNT II
## LOSS OF CONSORTIUM

49.     Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

50.     Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused such injuries to her husband, Dorris H. Kelley, that she has been caused to suffer the loss of companionship, company, intimacy, comfort, and assistance that her husband was typically and commonly able to provide in their marriage prior to the subject incident.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51.     Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

52.     Plaintiff, Darrelyn J. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused her to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

53. Plaintiff, Dorris H. Kelley, avers that the reckless and negligent conduct of the Defendants as described herein has caused him to suffer severe mental stress and emotional injuries that no reasonable person can be expected to endure under the circumstances.

**COUNT IV**

**CONTRACTUAL CLAIMS AGAINST DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

54. Plaintiffs incorporate the foregoing paragraphs by reference as if stated fully herein.

55. Plaintiffs were insured by Defendant, State Farm, pursuant to Policy Number 4283819-D06-17A. Said policy provided liability, UM, and UIM coverage for the vehicle collision that took place on, that is the subject of this Amended Complaint.

56. As a result of the vehicle collision that is subject of this Amended Complaint, Plaintiffs have been damaged in excess of the policy limits of Defendants' liability coverage, and Plaintiffs are contractually entitled to receive UIM and/or UM benefits from Defendant, State Farm.

57. Plaintiffs are demanding payment from Defendant, State Farm, in accordance with the provisions of the insurance policy as referred to above, in the amount up to said limits held by Defendant, State Farm.

**COUNT V**

**NEGLIGENT AND GROSS NEGLIGENT SELECTION AGAINST C.H. ROBINSON WORLDWIDE, INC**.

58. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

59. Defendant C.H. Robinson owed a duty to members of the traveling public to use reasonable care to investigate and evaluate, on an ongoing basis, the competency and safety record of any carrier or driver it used to transport freight.

60. This duty included, but was not limited to, conducting adequate due diligence into the safety history and fitness of carriers before engaging them, reviewing FMSCA safety data, refrain from tendering loads to carriers with known or discoverable unsafe histories, and implement and follow carrier vetting procedures.

61. Defendant C.H. Robinson negligently and/or gross negligently with a reckless, conscious disregard for the rights and safety of others chose to endanger the motoring public by using Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to haul freight for its clients, including the shipment it allowed these Defendants to haul on the day of the subject crash.

62. Defendant C.H. Robinson knew, or should have known, Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook were not competent to safely haul the shipment on the date of the subject crash made the basis of this lawsuit. Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook lacked a basic understanding of federal trucking regulations and the trucking industry. In addition, C.H. Robinson knew, or should have known, that these Defendants had previous safety violations, unsafe operating histories and/or were unfit to safely operate commercial motor vehicles on public highways. Nevertheless, Defendant C.H. Robinson negligently and/or gross negligently chose to turn a blind eye and allow Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to continue to operate because it was financially beneficial to all involved.

63.     Prior to the occurrence made the basis of this lawsuit, Defendant C.H. Robinson worked with Super Ego Holding, LLC, and its related network of entities and carriers to transport freight. In fact, C.H. Robinson named Super Ego its Carrier of the Year for 2025 even though it knew or should have known about the unsafe practices and safety of Super Ego Holding, LLC, and its related network of entities and carriers, including, but not limited to, Miser Logistics, LLC, Ego Express, Inc., and Gray Falcon United, LLC. It also knew, or should have known, about the chameleon carrier scheme utilized by Super Ego Holding and its related entities and carriers, and that it used different motor carrier names and numbers to get around it, and its related entities', bad safety ratings and violations, including but not limited to, Miser Logistics, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC.

64.     Defendant C.H. Robinson had a continuing duty to ensure that Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook were complying with local/state/federal laws and the Federal Motor Carrier Safety Regulations throughout the duration of its relationship with the defendants. Defendant C.H. Robinson did not comply with this duty.

65.     Defendant C.H. Robinson negligently and/or gross negligently breached its aforesaid duties, including, but not limited to, the following:

(a) Retaining the Defendants, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook,  that were unfit operate a commercial vehicle in a reasonably safe manner; and/or

(b) Failing to monitor, check or investigate Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook's hours of

14

service violations when it knew or should have known these hours of service violations were readily available to review; and/or

(c) Failing to follow its own safety policies or procedures with regard to hiring the Defendants, Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook, to transport the shipment; and/or

(d) Failing to enforce or monitor its own safety requirements on the equipment used to transport the shipment; and/or

(e) Failing to request the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook provide any company safety manual or driving manual or determine whether the Defendants had an adequate safety plan or controls before allowing them to transport the subject shipment; and/or

(f) Hiring the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to transport the shipment on public highways, when it knew or should have known that the Defendants were not reasonably safe and unfit to transport freight, including the subject shipment; and/or

(g) Failing to review and/or request FMSCA safety data on the Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook; and/or

(h) Failing to review and/or request driver qualification files for any driver, including Defendant Cook, before selecting the Defendants to transport the subject lad of cargo; and/or

(i) Failing to review and/or request Defendant Cook's driving record; and/or

15

(j) Failing to review, request or monitor any driver training, background check, log books, or safety information determine whether Defendant Cook was a reasonably safe commercial vehicle driver before hiring him to haul the subject shipment; and/or

(k) Were negligent and/or grossly negligent in other respects when selecting Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook to haul freight for its clients, including subject shipment.

66.    As a result, Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook negligently and/or gross negligently operated the 18-wheeler that crashed into the back of Plaintiffs' vehicle.

67.    Further, Plaintiffs allege that Defendant C.H. Robinson undertook responsibilities extending beyond the role of merely connecting a shipper and motor carrier such as managing logistical coordination, route planning and compliance and oversight. By exercising such control and  discretion over the transportation process, Defendant C.H. Robinson functioned as a de facto manager of the shipment's logistics, thereby assuming duties and liability consistent with that role.

68.    As a direct and proximate result of the conduct of Defendant C.H. Robinson Worldwide, Inc., Plaintiff, Dorris H. Kelley, suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

16

69. As a direct and proximate result of the conduct of Defendant C.H. Robinson Worldwide, Inc., Plaintiff Darrelyn J. Kelley suffered damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**COUNT VI**

**VICARIOUS LIABILITY AGAINST C.H. ROBINSON WORLDWIDE, INC**.

70. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

71. Defendant C.H. Robinson is a third-party logistics company that accepted legal responsibility for shipment of the subject load and acted as a motor carrier.[3]

72. Defendant C.H. Robinson made an arrangement to use Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and/or Noah Cook's tractor-trailer to transport the shipment from Columbus, Ohio to Texas. As such, Defendant C.H. Robinson was responsible for ensuring the tractor-trailer was operated safely.

73. At all relevant times Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook acted as the agent, servant

---

[3] *See Nipponkoa Ins. Co., Ltd. v. C.H. Robinson Worldwide, Inc., et al*., No. 09 Civ. 2365 (PGG)2011 WL 671747 (S.D.N.Y. Feb. 18, 2011)(finding question of fact existed as to C.H. Robinson Worldwide, Inc.'s status as a motor carrier).

and/or employee of Defendant C.H. Robinson, acting within the course and scope of that agency or employment.

74. Defendant C.H. Robinson reserved the right to control the way motor carriers/drivers worked, including Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and/or Noah Cook. This included, but was not limited to, managing logistical coordination, route planning, and compliance and oversight.

75. On May 26, 2025, Defendant Cook was operating the subject commercial vehicle in furtherance of a common interest and/or at the direction and under the control, or right of control, of Defendant C.H. Robinson as its agent, employee and/or servant.

76. At all times relevant herein, Defendant C.H. Robinson, through its agent, employees, and/or servant Defendant Cook, owed a duty to Plaintiffs and others upon the roadways to act in a reasonably careful matter and to prevent foreseeable crashes so as not to injure or damage others on the highways, including the Plaintiffs.

77. At the aforesaid time and place, Defendant C.H. Robison, through its agents, employees and/or servants, breached said duties owed to the Plaintiffs by negligently and recklessly, consciously disregarded the rights and safety of others operated the subject commercial vehicle causing the collision at issue, including, but not limited to, negligently and recklessly failed to keep a proper lookout, failed to maintain a safe following distance, failed to reduce speed when approaching stopped or slowed traffic, failed to follow standards for the safe operation of a commercial tractor-trailer, and caused, allowed, or permitted the commercial vehicle to collide with Plaintiffs' vehicle.

78. As a proximate cause of the negligent or gross negligent acts and omissions described herein, Defendant C.H. Robinson and its agents or employees caused Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

79. As a proximate cause of the negligent or gross negligent acts and omissions described herein, Defendant C.H. Robinson and its agents or employees caused Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

80. Defendant C.H. Robinson is vicariously liable for the negligent and gross negligent acts and omissions of Defendants Miser Logistics, LLC, Super Ego Holding, LLC, Ego Express, Inc., and/or Gray Falcon United, LLC and Noah Cook.

**COUNT VII**

**<u>STRICT PRODUCT LIABILITY AGAINST INTERNATIONAL MOTORS, LLC</u>**

81.     Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

82.     Plaintiffs aver and allege that the subject 2023 International LT625 VIN 3HSDZAPRXPN219817 made the basis of this action was defective and unreasonably dangerous.

83.     Prior to the occurrence made the basis of this action, Defendant International was engaged in the business of designing, developing, manufacturing, testing, furnishing, inspecting, selling and/or distributing commercial vehicles, including the subject vehicle, throughout the United States, include the Commonwealth of Kentucky. Said Defendant during said period of time and for valuable consideration designed, manufactured, tested, inspected, furnished, sold and/or distributed the subject International LT625 vehicle, which struck the vehicle the Plaintiffs occupied in the rear, resulting in the incident made the basis of this lawsuit.

84.     At the aforesaid time and place, the subject International LT625 vehicle, which was in substantially the same condition, as when it was designed, manufactured, furnished, sold, and/or distributed, was being used in a manner that was foreseeable and intended. The vehicle was not reasonably safe when being used in a foreseeable and intended manner, but, to the contrary, was defective and unreasonably dangerous when being so used. Specifically, Defendant International designed, engineered, tested, manufactured, distributed, marketed, and sold the subject International LT625 vehicle without collision avoidance technology, such as automatic emergency braking or frontal collision warnings. As such, the subject International LT625 vehicle was unreasonably dangerous in its inability to adequately warn the driver of an impending frontal collision and brake to avoid or mitigate a collision.

20

85.     Safer, practical and feasible collision avoidance technology was available for the subject International LT625 vehicle as Defendant International offered this technology as standard equipment on other International trucks. Defendant International was aware equipping the subject vehicle with collision avoidance technology would have eliminated the defective and unsafe characteristics of the subject vehicle, without impairing its usefulness or making it too expensive, yet it failed to make its product safe and failed to equip the subject vehicle with collision avoidance technology.

86.     Defendant International failed to equip the subject vehicle with collision avoidance technology and/or allowed collision avoidance technology to be omitted from the design and manufacture of the subject vehicle. This is contrary to marketing for International LT models which states collision avoidance technology is standard equipment.

87.     At the time of the subject incident, the subject International LT625 vehicle was defective in design, manufacture and/or warnings as it did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake to avoid colliding with vehicles in front him, and specifically the Plaintiffs' vehicle, or mitigate the collision in any manner.

88.     The defective nature of the subject vehicle created a high probability that when the subject vehicle was involved in a foreseeable collision, catastrophic injuries would result. Defendant International knew, or in the exercise of reasonable care, should have known of the risks associated with the use and operation of the subject vehicle prior to production. The aforesaid defects in the subject vehicle were not known to the Plaintiffs' and were not discoverable through reasonable inspection.

89.     Pleading in the alternative, the collision avoidance technology on the subject International LT625 vehicle, was defective and unreasonably dangerous in that failed to operate

and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs' vehicle.

90. Defendant International negligently and/or gross negligently, designed, manufactured, distributed, marketed, failed to warn and/or inadequately warned, and/or sold the subject truck in a defective and unreasonably dangerous condition.

91. As a proximate consequence of the unreasonably dangerous and defective condition of the subject International LT265 vehicle, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

    a. Bodily injuries requiring medical treatment;

    b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

    c. Permanent scarring and disfigurement;

    d. Past and future medical and pharmaceutical bills and other expenses;

    e. Lost wages and diminished earning capacity; and

    f. Property damage.

92. As a proximate consequence of the unreasonably dangerous and defective condition of the subject International LT265 vehicle, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

    a. Bodily injuries requiring medical treatment;

    b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

    c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

## COUNT VII

## <u>NEGLIGENCE AGAINST INTERNATIONAL MOTORS, LLC</u>

93. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

94. Defendant International negligently designed, developed, engineered, manufactured, assembled, tested or failed to test, inspect or failed to inspect, marketed, furnished, sold, and distributed the subject International LT625 vehicle involved in the incident made the basis of Plaintiffs' complaint, and said negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiffs.

95. At the time Defendant International designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold the subject International LT625 vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, build, engineer, test, inspect, market, distribute, and sell the product so as not to subject others on the roadway with the subject vehicle to an unreasonable risk of injury, harm or death. Further, Defendant International had a duty to foreseeable owners, operators, passengers, and the motoring public on the roadways with the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling the subject International LT625 vehicle as other similar entities would have exercised. Defendant International also had a duty to foreseeable owners, passengers, and the motoring public on the roadways with the subject vehicle, to adequately warn and/or instruct them about the hazards and

dangerous conditions related to the use and operation of the subject International LT625 vehicle and in its intended manner as other manufacturers and distributors would have exercised.

96. Defendant International breached its duties by unreasonably and negligently designing, testing, manufacturing, marketing and selling the subject International LT6525 without collision avoidance technology. This is despite representations that such technology was standard equipment when it was actually optional equipment.

97. Upon information and belief, as early as 2016 Defendant International represented that the Bendix Wingman Advanced system would be standard equipment on its LT series trucks. Defendant International then represented that a more advanced version of collision avoidance technology would be standard equipment on its on-highway tractors. Specifically, in 2019 Defendant International represented collision avoidance technology was available as standard equipment on its on-highway tractors, including the LT, RH and LoneStar series trucks, utilizing the Bendix Wingman Fusion system. Despite this representation, Defendant International chose to make the collision avoidance technology optional equipment for the subject International LT625 involved in the incident made the basis of this lawsuit. Defendant International failed to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted or deleted at the time of the design and manufacture of the subject International LT625 involved in the incident made the basis of this lawsuit.

98. The collision avoidance system utilized by Defendant International uses radar to detect vehicles in front of the truck and then provides audible and visible warnings to the driver to alert the driver when the truck is getting too close to the vehicle in front of it. If the driver does not take action, the system will automatically engage the brakes to help the driver mitigate the potential collision.

99. The collision avoidance technology available for the subject International LT625 also works with cruise control to help the driver maintain a set following distance behind the vehicle in front of it. If the vehicle in front slows down, the system will alter the driver, reduce the engine throttle, engaging the engine retarder, or if necessary apply the brake to help the driver maintain a safe following distance. Other aspects of the system exist to assist the driver in mitigating a collision with other vehicles on the roadway.

100. Defendant International knew well before the subject incident that its driver assistance technology would help mitigate the potential for collisions by providing data to the driver about what is going on in front of the truck. Defendant International knew this technology would improve safety not only for truck drivers, but for all motorists.

101. Defendant International breached its duties when it decided to fail to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted at the time of design and manufacture of the subject International LT625 vehicle, and thereby failing to equip the subject vehicle with it.

102. By negligently designing, testing or failing to test, failing to equip, manufacturing, marketing, and selling the subject International LT625, Defendant International, failed to use that degree of care, diligence, and skill as other similar entities in that it failed to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented and/or mitigated the subject incident without substantially impairing the usefulness, practicality or desirability of the subject International LT625.

103. At the time of the subject incident, the subject International LT625 did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake

to avoid colliding with vehicles in front him, and specifically the Plaintiffs' vehicle, or mitigate the collision in any manner.

104. Pleading in the alternative, Defendant International negligently designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold subject International LT625 vehicle with collision avoidance technology that failed to operate and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs' vehicle.

105. As a proximate consequence of the negligent acts and omissions of Defendant International described herein, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

> a. Bodily injuries requiring medical treatment;
>
> b. Past, present and future physical pain, emotional distress, mental anguish and suffering;
>
> c. Permanent scarring and disfigurement;
>
> d. Past and future medical and pharmaceutical bills and other expenses;
>
> e. Lost wages and diminished earning capacity; and
>
> f. Property damage.

106. As a proximate consequence of the negligent acts and omissions of Defendant International described herein, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

> a. Bodily injuries requiring medical treatment;

26

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

## COUNT VIII

## <u>GROSS NEGLIGENCE AGAINST INTERNATIONAL MOTORS, LLC</u>

107. Plaintiffs adopt and incorporate by reference each of the previous paragraphs as if set forth fully herein.

108. Defendant International gross negligently designed, developed, engineered, manufactured, assembled, tested or failed to test, inspect or failed to inspect, marketed, furnished, sold, and distributed the subject International LT625 vehicle involved in the incident made the basis of Plaintiffs' complaint, and said gross negligent conduct was a proximate cause of the severe and permanent injuries sustained by the Plaintiffs.

109. At the time Defendant International designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold the subject International LT625 vehicle, it had a duty to exercise reasonable care in order to provide a safe product and to manufacture, design, build, engineer, test, inspect, market, distribute, and sell the product so as not to subject others on the roadway with the subject vehicle to an unreasonable risk of injury, harm or death. Further, Defendant International had a duty to foreseeable owners, operators, passengers, and the motoring public on the roadways with the subject vehicle to exercise the same degree of care, diligence and skill in designing, testing, inspecting, manufacturing, marketing, and selling

the subject International LT625 vehicle as other similar entities would have exercised. Defendant International also had a duty to foreseeable owners, passengers, and the motoring public on the roadways with the subject vehicle, to adequately warn and/or instruct them about the hazards and dangerous conditions related to the use and operation of the subject International LT625 vehicle and in its intended manner as other manufacturers and distributors would have exercised.

110. Defendant International breached its duties by unreasonably and gross negligently designing, testing, manufacturing, marketing and selling the subject International LT6525 without collision avoidance technology. This is despite representations that such technology was standard equipment when it was actually optional equipment.

111. Upon information and belief, as early as 2016 Defendant International represented that the Bendix Wingman Advanced system would be standard equipment on its LT series trucks. Defendant International then represented that a more advanced version of collision avoidance technology would be standard equipment on its on-highway tractors. Specifically, in 2019 Defendant International represented collision avoidance technology was available as standard equipment on its on-highway tractors, including the LT, RH and LoneStar series trucks, utilizing the Bendix Wingman Fusion system. Despite this representation, Defendant International chose to make the collision avoidance technology optional equipment for the subject International LT625 involved in the incident made the basis of this lawsuit. Defendant International failed to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted or deleted at the time of the design and manufacture of the subject International LT625 involved in the incident made the basis of this lawsuit.

112. The collision avoidance system utilized by Defendant International uses radar to detect vehicles in front of the truck and then provides audible and visible warnings to the driver to

alert the driver when the truck is getting too close to the vehicle in front of it. If the driver does not take action, the system will automatically engage the brakes to help the driver mitigate the potential collision.

113. The collision avoidance technology available for the subject International LT625 also works with cruise control to help the driver maintain a set following distance behind the vehicle in front of it. If the vehicle in front slows down, the system will alter the driver, reduce the engine throttle, engaging the engine retarder, or if necessary apply the brake to help the driver maintain a safe following distance. Other aspects of the system exist to assist the driver in mitigating a collision with other vehicles on the roadway.

114. Defendant International knew well before the subject incident that its driver assistance technology would help mitigate the potential for collisions by providing data to the driver about what is going on in front of the truck. Defendant International knew this technology would improve safety not only for truck drivers, but for all motorists.

115. Defendant International breached its duties when it decided to fail to equip the subject International LT625 vehicle with collision avoidance technology and/or allowed the collision avoidance technology to be omitted at the time of design and manufacture of the subject International LT625 vehicle, and thereby failing to equip the subject vehicle with it.

116. By gross negligently designing, testing or failing to test, failing to equip, manufacturing, marketing, and selling the subject International LT625, Defendant International, failed to use that degree of care, diligence, and skill as other similar entities in that it failed to adopt safer, practical, feasible, and otherwise reasonable alternative designs that could have been reasonably adopted and would have prevented and/or mitigated the subject incident without

substantially impairing the usefulness, practicality or desirability of the subject International LT625.

117. The gross negligent conduct of Defendant International was done with a reckless and conscious disregard for the rights and safety of others.

118. At the time of the subject incident, the subject International LT625 did not timely and properly alert Defendant Cook to the driving conditions in front of him and did not timely brake to avoid colliding with vehicles in front him, and specifically the Plaintiffs' vehicle, or mitigate the collision in any manner.

119. Pleading in the alternative, Defendant International gross negligently designed, developed, manufactured, engineered, tested, marketed, inspected, distributed, and/or sold subject International LT625 vehicle with collision avoidance technology that failed to operate and/or operate appropriately under foreseeable conditions, and failed to provide warnings to the driver, Cook, of an impending collision, and failed to brake to avoid and/or mitigate the collision with Plaintiffs' vehicle.

120. As a proximate consequence of the gross negligent acts and omissions of Defendant International described herein, Plaintiff, Dorris H. Kelley, to suffer damages including, but not limited to:

    a. Bodily injuries requiring medical treatment;

    b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

    c. Permanent scarring and disfigurement;

    d. Past and future medical and pharmaceutical bills and other expenses;

    e. Lost wages and diminished earning capacity; and

f. Property damage.

121.    As a proximate consequence of the gross negligent acts and omissions of Defendant International described herein, Plaintiff Darrelyn J. Kelley to suffer damages including, but not limited to:

a. Bodily injuries requiring medical treatment;

b. Past, present and future physical pain, emotional distress, mental anguish and suffering;

c. Permanent scarring and disfigurement;

d. Past and future medical and pharmaceutical bills and other expenses;

e. Lost wages and diminished earning capacity; and

f. Property damage.

**WHEREFORE**, Plaintiffs demand judgment against Defendants as follows:

a.  A trial by jury on all issues of fact herein;

b.  Compensatory damages against the Defendants in a fair and reasonable amount to be determined by a jury sitting at the trial of this matter, but in an amount sufficient to confer jurisdiction on this Court;

c.  For prejudgment interest from the date of the Plaintiffs' injuries until such time the judgment is paid;

d.  For Plaintiffs' costs herein expended;

e.  Punitive damages against all Defendants except State Farm, and;

f.  For any and all other relief to which Plaintiffs are entitled.

## CERTIFICATION

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action. Pursuant to KRS 411.188(4) the parties notified pursuant to KRS 411.188(2) are as follows:

RESPECTFULLY signed and submitted this 17th day of April, 2026.

/s/ Jonathan B. Fannin
Jonathan B. Fannin, Esq.
Carl W. Walter II, Esq.
**MINNER VINES INJURY LAWYERS PLLC**
325 West Main Street, Suite 210
Lexington, Kentucky 40507
Telephone: (859) 550-2900
Facsimile: (859) 550-2902
Email: jonathan@mvmlaw.com
carl@mvmlaw.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 2026, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF, which will send notice of electronic filing to the following:

Jeri B. Poppe, Esq.
Don K. Brown, PSC
13102 Eastpoint Park Boulevard, Suite 200
Louisville, Kentucky 40223
*Counsel for Defendants, Noah N. Cook and Miser Logistics, LLC*

/s/ Jonathan B. Fannin
Jonathan B. Fannin, Esq.